UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ALBA PINEDA, ET AL.,

    Plaintiffs,

    v.                        Civil Action No. 16-12229-WGY

DEPARTMENT OF CHILDREN
AND FAMILIES,

    Defendant.

MEMORANDUM AND ORDER

YOUNG, D.J.

## I.     Introduction

On October 31, 2016, plaintiff Alba Pineda ("Pineda"), a resident of Cambridge, Massachusetts, filed a self-prepared Complaint on behalf of herself and her four minor children, GG, TG, JG and VP.[1] The Complaint is set forth in narrative, letter form, and is not entirely coherent. From what can be discerned, Pineda sues the Massachusetts Department of Children and Families ("DCF") and the DCF office in Cambridge. She seeks $5 million in damages for alleged physical and emotional harm, abuse of power and control, abuse of discretion, and violation of rights based on disability.

Specifically, Pineda alleges she is a recovering alcoholic. While not entirely clear, it is presumed that three of her children are in DCF custody. She claims DCF constantly made changes to her service plans and canceled overnight visitation with her children, based on DCF evaluations regarding the safety of the children. She contends that these changes have been

---

[1] The names of the minor children are omitted for confidentiality purposes. The Court has directed the clerk to redact the docket to reflect initials only, and to restrict the view of the Complaint containing the children's names.

arbitrary and "flimsy" and have "deliberately initiated crisis" to her.  Comp. (Docket No. 1 at 1).  Pineda alleges that DCF advisors should act as professionals and assist with the healing and unification of families rather than acting in an adversarial manner.

Next, Pineda claims that DCF views her as the enemy, and expects that she will relapse back into drug and alcohol use.  She claims many members of the DCF office in Cambridge have expressed to her that they are waiting for this to happen.  She alleges that, in fact, DCF workers have admitted to her that they were watching to see if she can handle stress by setting her up for failure in the hopes that she will reach a breaking point.  Id.  She alleges that DCF's actions have obstructed her support system and interfered with her attempts to build healthy relationships with her friends and neighbors, leaving her feeling stigmatized and overwhelmed.  She submits that these actions are cruel and inhumane, and constitute a violation of Title II of the Americans with Disabilities Act ("ADA").  Further, she claims DCF is manipulating her children, causing them emotional distress.

Finally, Pineda claims that her attorney has been ineffectual and has accused her of being abusive.  She contends that he has sided with DCF rather than advocating for the best interests of her children.

Along with the Complaint, Pineda filed a Motions for Leave to Proceed *in forma pauperis* (Docket No. 2) and a Motion to Appoint Counsel (Docket No. 3).

**II.    Discussion**

    A.    <u>The Motions for Leave to Proceed *In Forma Pauperis*</u>

Upon review of Pineda's financial affidavit, the Court finds that she lacks sufficient funds to pay the filing and administrative fees for this action.  Accordingly, her Motion for Leave to

Proceed *in forma pauperis* will be ALLOWED. This court need not address the issue of the filing fee obligations of the co-plaintiffs (the minor children), for the reasons set forth herein.

  B.  Screening of the Complaint

Because Pineda is proceeding *in forma pauperis*, summonses have not issued in order to allow the Court an opportunity to review the Complaint to determine if it satisfies the requirements of section 1915 of Title 28, the federal *in forma pauperis* statute. See 28 U.S.C. § 1915. Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915 (e)(2)(B)(ii) and (iii). When subject matter jurisdiction is lacking, there is no arguable or rational basis in law or fact for a claim, Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002) and the action may be dismissed *sua sponte* and without notice. Neitzke, 490 U.S. at 327-328 (interpreting the former § 1915 (d)); accord Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) ("clearly baseless" actions may be dismissed).

In conducting the preliminary screening, Pineda's *pro se* Complaint is construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept of Education, 209 F.3d 18, 23 (1st Cir. 2000).  Although Pineda does not set forth her legal causes of action clearly, the Court will consider this action as one for due process violations in connection with her parental rights, pursuant to 42 U.S.C. § 1983 (the vehicle for asserting alleged civil rights violations by state actors) and as one for violations of the ADA, 42 U.S.C. § 12132.  The Court will not consider the Complaint as asserting a state-law claim for legal malpractice claim against her attorney, insofar

3

as she names only the DCF as a defendant.  The Court considers her statements regarding her attorney merely as background allegations.

With these parameters in mind, even under this broad reading, the claims of the children shall be dismissed *sua sponte*, and the claims of Pineda are subject to dismissal in whole or part for the reasons set forth below.

### C. *Pro Se* Plaintiff Pineda May Not Represent Her Children

As noted above, the children have not sought leave to proceed *in forma pauperis*. Additionally, only Pineda has signed the Complaint.  It is clear, however, that Pineda wishes to bring claims on her own behalf and on behalf of her children.  This, she cannot do.  Although 28 U.S.C. § 1654 permits persons to proceed *pro se*, this provision does not allow unlicensed lay people to represent co-plaintiffs or any other individuals.  See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991).  Additionally, this Court's Local Rules do not provide such authorization.  See District of Massachusetts Local Rule 83.5.5 (b) (Practice By *Pro Se* Litigants).  Here, Pineda is not a licensed attorney and therefore may not represent her children's interest *pro se*.[2]  For the reasons set forth below, this Court will not appoint counsel on behalf of the children.

---

[2] "[I]n a civil rights action, 'parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative.'" E.C. v. Daeschner, 2007 WL 2462182, at *3 (W.D. Ky. 2007) (quoting Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002) (§ 1983 action) (other citations omitted).  See Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) (a non-attorney parent must be represented by counsel in bringing an action on behalf of the child; "The choice to appear *pro se* is not a true choice for minors who, under state law, . . . cannot determine their own legal actions.  There is no individual choice to proceed *pro se* for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others.") cf., Winkelman *ex rel*. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007) (holding that parents had independent, enforceable rights under the statutory scheme of IDEA, and thus were entitled to prosecute IDEA claims in their own right).

Accordingly, all claims of the children are subject <u>DISMISSED</u> without prejudice to renew within 35 days provided the children are represented by duly-licensed counsel who is admitted to practice in this Court and who files a Notice of Appearance.

D.      <u>Sovereign Immunity Bars Section 1983 Civil Rights Claims Against the DCF</u>

DCF is an agency of the Commonwealth of Massachusetts and thus is entitled to sovereign immunity from suit in this Court. <u>See</u> Mass. Gen. Laws ch. 18B, § 1 (Establishment); 110 CMR § 1.00 (Principles and Responsibilities of the Department of Children and Families). "The Eleventh Amendment bars actions in federal courts claiming damages against a state and its agencies unless the state has consented to be sued in federal court." <u>Boulais v. Commonwealth of Mass.</u>, 2002 WL 225936 at *1 (D. Mass. 2002) (citations omitted). <u>See Seminole Tribe of Florida v. Florida,</u> 517 U.S. 44, 54 (1996); <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n.14 (1985) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought."). Here, nothing in the Complaint could be construed as presenting claims as to which the Commonwealth of Massachusetts (including its agency, DCF and its branch in Cambridge) has waived its sovereign immunity to suit in federal court. This is true with respect to claims under 42 U.S.C. § 1983. <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 344 (1979) (Congress did not override state's Eleventh Amendment immunity in enacting § 1983).[3]

---

[3]    As an additional matter, although Pineda has not named any individual defendants employed by the DCF, she is advised that the Eleventh Amendment also extends to confer immunity from suit upon state officials when "the State is the real substantial party in interest," that is, when "the judgment sought would expend itself on the public treasury . . . , or interfere with the public administration . . . . " <u>Id.</u> at 101-102, n. 11; accord <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991) (same). Thus, should Pineda seek to amend her Complaint to assert claims for monetary relief pursuant to § 1983 from any of the DCF employees for alleged wrongful actions taken in their "official" capacities, her claims would not be cognizable. <u>See</u> <u>Will v. Michigan Dept. of State Police,</u> 491 U.S. 58, 71 (1989) (although state officials are literally persons, a suit against a state

In light of this, all claims against DCF for civil rights violations pursuant to 42 U.S.C. § 1983 are DISMISSED based on sovereign immunity.

E.     Failure to State Plausible Claims For ADA Violations

With respect to Pineda's claims that DCF's actions were taken in violation of the ADA, this claim is not barred by sovereign immunity. See Robyn Powell, Federal Agencies Say State Cannot Discriminate Against Parents with Disabilities, 34 Child. L. Prac. 46 (2015). Nevertheless, Pineda fails to set forth any plausible ADA claims in accordance with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal . . .[,] 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.

---

official in his official capacity is not a suit against the official but rather is a suit against the official's office).

1988)).  Additionally, under Rule 8, a plaintiff must plead more than a mere allegation that the defendant(s) have harmed him.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." quoting Twombly, 550 U.S. at 555).  See Chiang v. Skeirik, 582 F.3d 238, 244 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citation and quotation marks omitted).

In order to state an ADA claim under Title II, Pineda must allege: (1) that she "is a qualified individual with a disability; (2) that [s]he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability."  Buchanan v. Maine, 469 F.3d 158, 170 -171 (1st Cir. 2006) (citation omitted).

Here, even assuming Pineda has alleged that she is a qualified person with a disability (alcohol and/or drug use), she fails to set forth any facts whatsoever to support an ADA claim. For instance, she does not provide the names of persons who allegedly acted for the DCF in a wrongful fashion based on her disability, nor does she identify the date and place of such alleged wrongdoings or the services that have been denied to her by reason of her disability.  Her bald and conclusory allegations of disability discrimination are insufficient to state a claim upon which relief may be granted.

In short, as pled, she fails to meet even the minimum pleading requirements of Rule 8. Therefore, it would be immensely unfair to the DCF to have to guess at her claims in order to fashion a meaningful response.

Accordingly, Pineda's ADA claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

F.  The Motion to Appoint Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A civil plaintiff, however, lacks a constitutional right to free counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id. To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. Id. at 24.

The Court considers that Pineda is indigent, unskilled in the law, and has reported that she has emotional difficulties. Nevertheless, in view of the dismissal of the minor children's claims, the dismissal of her § 1983 claims against the DCF, and the failure to state plausible ADA claims in accordance with Rule 8, this Court cannot find that exceptional circumstances exist that would warrant appointment of counsel in this case. The Court must balance the merits of the claim with the expenditure of scarce *pro bono* resources. On the balance, use of such resources is not justifiable.

---

[4]  In light of the matters contained herein, this Court need not address whether the failure to allege an inadequate state remedy poses a bar to Pineda's § 1983 claims, and/or whether the domestic relations exception should be extended to bar all claims relating to domestic matters. There are not sufficient facts alleged to make a *sua sponte* determination with respect to these matters.

Accordingly, Pineda's Motion to Appoint Counsel (Docket No. 3) is <u>DENIED</u>. Further, for the same reasons, this Court will not appoint counsel for the children.

### III.    Conclusion and Order

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff Alba Pineda's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>;

2. All claims of Plaintiff Alba Pineda's minor children, GG, TG, JG, and VP are <u>DISMISSED</u> without prejudice to renew in 35 days provided the children are represented by duly-licensed counsel who files a Notice of Appearance in this Court;

3. All claims of Plaintiff Alba Pineda brought pursuant to 42 U.S.C. § 1983 are <u>DISMISSED</u> based on sovereign immunity;

4. Within 35 days of the date of this Memorandum and Order, plaintiff Alba Pineda shall file an "Amended Complaint" setting forth her claims, including any ADA claim, in accordance with Rule 8 of the Federal Rules of Civil Procedure; and

5. Plaintiff Alba Pineda's Motion to Appoint Counsel (Docket No. 3) is <u>DENIED</u> in its entirety.

**SO ORDERED.**

          /s/ William G. Young
          WILLIAM G. YOUNG
          UNITED STATES DISTRICT JUDGE

DATED: November 9, 2016