**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**ALBA PINEDA, ET AL.,**

      **Plaintiffs,**

      **v.**                       **Civil Action No. 16-12229-WGY**

**DEPARTMENT OF CHILDREN**
**AND FAMILIES,**

      **Defendant.**

**MEMORANDUM AND ORDER**

**YOUNG, D.J.**

**I.**    **Introduction**

On October 31, 2016, plaintiff Alba Pineda ("Pineda"), acting *pro se*, filed a Complaint on behalf of herself and her minor children, against the Massachusetts Department of Children and Families ("DCF") and the DCF office in Cambridge. She sought $5 million in damages for alleged physical and emotional harm, abuse of power and control, abuse of discretion, and violation of rights based on disability (alcoholism and mental illness). She alleged that DCF constantly made changes to her service plans and made arbitrary decisions regarding visitation. She further claimed that DCF employees "deliberately initiated crisis" to her and have been setting her up to fail. Comp. (Docket No. 1 at 1). Additionally, Pineda asserted violations of Title II of the Americans with Disabilities Act ("ADA"). With respect to her children, Pineda claimed that DCF was manipulating her children and causing them emotional distress.

On November 9, 2016, this Court issued a Memorandum and Order (Docket No. 6) granting Pineda's Motion for Leave to Proceed *in forma pauperis* and directing her to file an Amended Complaint stating plausible claims. In that Memorandum and Order, this Court noted

1

the various legal impediments to her claims, which included: (1) Pineda, a non-attorney, could

not represent the interests of her children; (2) Eleventh Amendment sovereign immunity barred

any civil rights claims against the DCF brought pursuant to 42 U.S.C. § 1983 ("§ 1983");

(3) Eleventh Amendment sovereign immunity barred any claim for monetary damages against

DCF employees sued in their official capacities; and (4) Pineda failed to state plausible ADA

claims in accordance with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure.

As an additional matter, this Court considered whether appointment of *pro bono* counsel

was warranted under the circumstances.  Notwithstanding Pineda's emotional difficulties, in

light of the legal impediments to this action, this Court determined that the use of scarce *pro*

*bono* resources was not justifiable and thus denied Pineda's Motion to Appoint Counsel (Docket

No. 3).

On December 8, 2016, Pineda filed an Amended Complaint (Docket No. 8) with an

attached exhibit.

## II.     Discussion

### A.     The Amended Complaint

In her Amended Complaint, Pineda reiterates the allegations contained in the original

Complaint, but includes additional details and some dates and context that were missing from the

original.  Nevertheless, the Amended Complaint is set forth in narrative form and is not entirely

organized.   While not clear, it appears that she seeks to add additional defendants, including:

(1) Kerry Woods, DCF Director; (2) Laura Ryan, DCF Office Manager; (3) Renee Franzis, DCF

Supervisor; (4) Nichole Wolf, DCF Social Worker; (5) Virginia Chan, DCF Adoption

Supervisor; (6) Chelsea Loyd; and (7) unnamed others whose location is unknown.

From what can be discerned, Pineda alleges she suffers from Post Traumatic Stress Disorder ("PTSD") and is a recovered alcoholic under the supervision of a psychologist. She contends that DCF has knowledge of her conditions from her therapist and herself. DCF was requested to create an environment that would encourage and provide stability and certainty to Pineda so that she could avoid anxiety and depression, which she claims previously resulted in suicide attempts. Pineda contends that this request "requires DCF to modify their administrative procedures and methods to reduce stress causing news and announcements [concerning cancellations of visitation with her children] which triggers anxiety, depression, alcohol, relapse, and suicide thoughts and of actions." Am. Compl. (Docket No. 8 at 3) (brackets added).

Next, Pineda alleges that a foster parent working for DCF has advised her that, using DCF procedures, DCF workers are trying deliberately to put her under stress to set her up to fail in order to terminate her parental rights. Pineda appears to support this allegation by referencing two specific incidents.

With respect to the first incident, Pineda claims that on July 21, 2015, she was home alone with severe depression when the DCF Social Workers Team (that included defendants Ryan, Franzis, and Wolf), placed a conference call to her to advise that her children were being put on a track for adoption. That information caused her to become anxious and she let the defendants know that she was going to commit suicide. The defendants terminated the call but Pineda claims they did not perform a well-being check or a follow up with her. As a result, Pineda attempted suicide by laying down on the commuter rail train tracks. Thereafter, she was hospitalized and placed in the psychiatric ward for a number of days. She was diagnosed with anxiety and PTSD. Id. Pineda claims the doctor contacted DCF and requested that its workers

be cautious when communicating with her, making sure she had a safe environment as well as continued mental health and medical treatment.

With respect to the second incident, Pineda alleges that on May 3, 2016, the defendants placed a conference call to her informing her that her infant daughter would not be returned to her.  Apparently, this call from DCF was intended to be a reply to Pineda's investigation regarding a letter she previously received informing her of the fact that her daughter would not be returned.  Pineda claims that as a result, she suffered a severe anxiety attack that caused her to become depressed and have suicidal thoughts.  Id.

Pineda contends that she was alone during both of these incidences, and claims that DCF knew this, but did not attempt to prepare a safe environment for her to receive their "frightening decisions."  Id.  She further contends that similar episodes occurred on September 19, 2015, March 14, 2016, October 7, 2016, and October 10, 2016.

Further, Pineda claims that she has been denied services that almost caused her to lose her life.  Attached to the Amended Complaint, is a letter dated December 6, 2016 from a licensed social worker advising her of her current diagnosis of PTSD.  Exhibit (Docket No. 8-1).

As relief, Pineda again seeks $5 million in damages.  She also seeks to have DCF make changes so that its workers are more humane and respectful of the values and rights of families. In the body of the Amended Complaint, she seeks the appointment of counsel.

B.   Failure to State Plausible Civil Rights Claims Against the DCF Under § 1983

In the prior Memorandum and Order, this Court addressed the sovereign immunity of the DCF as a bar to Pineda's claims for civil rights violations under § 1983.  Nothing in the Amended Complaint sets forth any basis to conclude that sovereign immunity has been waived with respect to her claims arising under § 1983.

Accordingly, Pineda's claims against the DCF (including the DCF office in Cambridge) brought pursuant to § 1983 are <u>DISMISSED</u> *sua sponte*.

      C.     <u>Failure to State Plausible Claims For Monetary Damages Against Individual</u>
              <u>Employees of the DCF Sued in Their Official Capacities Under § 1983</u>

Pineda has not clearly identified the sum total of defendants, nor has she distinguished whether the (presumed) individual defendants are sued in their official and/or personal capacities.  To the extent that Pineda seeks monetary damages from any of the individual DCF workers based on actions taken in their official capacities, her § 1983 claims also are barred by Eleventh Amendment sovereign immunity, as noted in the prior Memorandum and Order.

Accordingly, Pineda's § 1983 claims for monetary damages against the individual DCF defendants in their official capacity are <u>DISMISSED</u> *sua sponte*.

      D.     <u>Failure to State Plausible Claims Against the Individual DCF Defendants Sued in</u>
              <u>Their Personal Capacities Under § 1983</u>

Although this Court credits Pineda's efforts to file an Amended Complaint that comports with the pleading requirements of Rule 8, this Court finds she has failed to do so, even given a liberal construction to which Pineda is entitled as a *pro se* litigant.  Pineda makes wholly conclusory allegations that DCF employees are deliberately trying to cause her distress in order to facilitate the termination of her parental rights.  She provides no relevant information about the current custodial status of her children.  Moreover, the facts that she alleges in support of her allegations (*i.e.,* that DCF employees held two conference calls that she feels were instituted while she was alone and not in a safe environment, thereby causing depression and anxiety) do not have "procedural" due process implications cognizable under § 1983.  Pineda she has not alleged that the defendants' actions deprived her of the ability to seek redress in a state family court proceeding with respect to parental termination or other child custody or visitation issues,

nor has she set forth any facts from which the interference with the right to family integrity procedurally has been denied.  See Voltaire v. Westchester County Department of Social Services, 2016 WL 4540837 (S.D.N.Y. Aug. 29, 2016) (noting the general rule that parents must be afforded due process before being deprived of a constitutionally protected liberty interest in the care, custody and management of their children; ordinarily due process involves a court proceeding resulting in an order permitting removal).

Further, Pineda fails to state any plausible "substantive" due process claim.  "Unlike procedural due process, substantive due process comes into play when, regardless of the procedures followed, a governmental decision or action violates a fundamental right and no overridingly important state interest justifies that infringement.  See Daniels v. Williams, 474 U.S. 327, 331 (1986) (Substantive due process rights bar "certain government actions regardless of the fairness of the procedures used to implement them . . . ."  Marcel v. United States, 2012 WL 5463926, at *4 (E.D.N.Y. 2012) appeal dismissed No. 12-5001 (2d Cir. 2013), reconsideration denied, 2012 WL 6720771 (E.D.N.Y. 2012).  See Joyner by Lowry v. Dumpson, 712 F.2d 770, 777 (2d Cir.1983).  In the context of substantive due process claims relating to children, "a plaintiff must demonstrate that his separation from his children was 'so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection.'"  Marcel, 2012 WL 5463926 at *4 quoting Anthony v. City of New York, 339 F.3d 129, 143 (2d Cir. 2003).

In this case Pineda disagrees with DCF's decisions to pursue the termination of her parental rights and to cancel visitation, but nothing in her Complaint suggests that the separation from her children itself or the DCF's employees actions in calling her to give her bad news at a time when she was not ready to hear it, was "shocking, arbitrary or egregious."  See Voltaire,

2016 WL 4540837, at *8 citing Cox v. Warwick Valley Cent. Sch. Dist., 654 F.3d 267, 275 (2d Cir. 2011) ("Only the most egregious official conduct can be said to be arbitrary in the constitutional sense and therefore unconstitutional.").

Accordingly, all claims against the individual defendants brought pursuant to § 1983 are DISMISSED *sua sponte*.

      E.      This Court Lacks Authority to Compel the DCF to Treat Clients With More Respect

To the extent that Pineda seeks an order directing the DCF to make changes to its policies or procedures in order to ensure that its workers are more humane and respectful of the values and rights of families, this Court cannot grant such relief, either in the form of an injunction or through a writ of mandamus. First, the request is overbroad and vague. Second, the DCF is entitled to sovereign immunity from suit, including an order for injunctive relief. Third, this Court lacks authority to compel a state agency such as the DCF to modify its regulations, policies, or procedures in this regard. See Davis Assocs., Inc. v. HUD, 498 F.2d 385, 388 (1st Cir. 1974) (if no clear, non-discretionary duty exists on the part of the defendant, the court lacks mandamus jurisdiction).

Accordingly, all claims for injunctive relief against any of the defendants are DENIED.

      F.      Failure to State a Plausible Claim Under the ADA

Although Pineda has alleged she has been denied services in violation of the ADA, the Amended Complaint fails to set forth plausible claims against the DCF itself. Her conclusory allegations are insufficient to meet the pleading requirements of Rule 8. As the prior Memorandum and Order noted, in order to state an ADA claim, plaintiff must allege that she is a qualified individual with a disability, that she was excluded participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated

against, and that such exclusion, denial of benefits or discrimination was by reason of her disability.  Buchanan v. Maine, 469 F.3d 158, 170 -171 (1st Cir. 2006).

Here, the Court broadly construes Pineda's allegations regarding her PTSD and other mental health issues as alleging she is a qualified person with a disability.  Nevertheless, with respect to the second element, Pineda fails to state with any particularity the deprivation of services, programs, or activities that she has suffered as a result of DCF employees' actions, nor has she set forth underlying facts that she otherwise was discriminated against based on her disability.  Pineda's allegations of conspiracy by the defendants to cause her stress in order to deprive her of her parental rights are wholly conclusory and, in any event, do not provide a causal link between the alleged conduct and discrimination based on disability.  While she mentions that another worker at DCF advised her of their plan, she provides no relevant dates or details.  Moreover, the alleged facts set forth regarding the two conference calls do not implicate denial of services or disability discrimination under the ADA; rather, the conversations appear to involve giving Pineda notice of upcoming DCF actions with respect to her children.

Next, construing the Amended Complaint broadly, the fact that Pineda had requested that DCF create a safe environment that would encourage and provide stability and certainty to her so that she could avoid anxiety and depression, could be construed as her request for a reasonable accommodation.  Such a request, on its face, is amorphous and thus unreasonable as she has not set forth any rational parameters in which the DCF could enforce this requested accommodation. A request for an accommodation must be a "reasonable" one.  Wisconsin Cmty. Servs., Inc. v. City of Milwaukee, 465 F.3d 737, 752 (7th Cir. 2006) (interpreting 28 C.F.R. § 35.130(b)(7) outlining the duty of a public entity to accommodate the needs of the disabled pursuant to 42 U.S.C. § 12131, *et. seq.*).

Next, to the extent that she alleges that the individual defendants are liable for ADA violations, her claims are not cognizable.  Individuals are not liable under the ADA because they are not "public entities" as defined under the ADA.[1]

In light of the above, Pineda's ADA claims against the DCF and the individual DCF defendants are <u>DISMISSED</u> *sua sponte*.

G.      <u>Declination to Exercise Supplemental Jurisdiction</u>

Finally, Pineda's claims that DCF employees deliberately tried to cause her distress sounds in state law for intentional infliction of emotional distress.  Since there is no *bona fide* federal claim, this Court will not exercise jurisdiction over any state law claims.  "When a plaintiff's anchor claim is a federal cause of action and the court unfavorably disposes of the plaintiff's federal claim at the early stages of a suit, well before trial, the court generally dismisses any supplemental state-law claims without prejudice.  <u>Rodriguez v. Doral Mortg. Corp.</u>, 57 F.3d 1168, 1177 (1st Cir.1995); <u>see</u> <u>also</u> <u>Martinez v. Colon</u>, 54 F.3d 980, 990 (1st Cir.1995) (affirming dismissal without prejudice of pendent claims when the district court determined "far in advance of trial that no legitimate federal question existed").  "<u>Ramos-Echevarria v. Pichis, Inc.</u>, 659 F.3d 182, 191 (1st Cir. 2011).

Accordingly, to the extent Pineda asserts any state law claims, they are <u>DISMISSED</u> without prejudice.

---

[1] Individuals are not public entities under the ADA.  <u>See</u> <u>Askins v. N.Y.C. Transit</u>, 2013 WL 142007, at *4 (S.D.N.Y.  2013) (collecting authorities)); <u>Hallett v. New York State Dep't of Correctional Servs.</u>, 109 F. Supp. 2d 190, 199-200 (S.D.N.Y. 2000) (dismissing ADA claims against individual defendants because Title II provides disabled individuals redress for discrimination by a public entity, not individuals).  <u>See also</u> <u>Kiman v. New Hampshire Dep't of Corr.</u>, 2007 WL 2247843, at *8 (D.N.H. 2007) (subsequent history omitted; adopting unanimous view of fife circuits that have held Title II does not apply to individuals).

      H.      <u>The Second Request for Appointment of Counsel</u>

In the body of the Amended Complaint, Pineda requests appointment of counsel.  This Court previously considered the matter and denied her motion for counsel.  The Amended Complaint does not add anything new to the mix.  Because this action is being dismissed for the reasons set forth herein, the request for appointment of counsel is <u>DENIED</u> as moot.

      I.      <u>Dismissal of Claims of the Minor Children</u>

As noted in the prior Memorandum and Order (Docket No. 6), Pineda may not represent the interests of her children in this Court since she is not an attorney.  Since this Court will not appoint counsel, the claims of the minor children shall be <u>DISMISSED</u> without prejudice.

**III.**      **Conclusion and Order**

Based on the foregoing, it is hereby Ordered that:

1.      All ADA claims against the DCF and the individual defendants are <u>DISMISSED</u>;

2.      All § 1983 claims against DCF are <u>DISMISSED</u>;

3.      All § 1983 claims against the DCF employees for monetary damages are <u>DISMISSED</u>;

4.      All § 1983 claims against the individual DCF employees are <u>DISMISSED</u>;

5.      Any state law claims are <u>DISMISSED</u> without prejudice;

6.      All claims of the minor children are <u>DISMISSED</u> without prejudice;

7.      Plaintiff's request for appointment of counsel (contained in the Amended Complaint) is <u>DENIED</u> as moot; and

8.      This action is <u>DISMISSED</u> in its entirety.


**SO ORDERED.**

                         <u>/s/ William G. Young</u>
                         WILLIAM G. YOUNG
                         UNITED STATES DISTRICT JUDGE

DATED:  December 14, 2016